UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

DAVIS                              CIVIL ACTION NO. 9-1450

VERSUS                             U.S. DISTRICT JUDGE DRELL

LeBLANC,
        et al                      U.S. MAGISTRATE JUDGE KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a  motion by plaintiff for a temporary restraining order and preliminary injunction [**Doc. # 40**]. Plaintiff  asks the court to order the prison not to interfere with his access to the court by instituting disciplinary proceedings against him and changing his classification.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for plaintiff to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if

the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. <u>Piedmont Heights Civic Club, Inc. v. Moreland</u>, 637 F.2d 430 (5th Cir. 1981).

A hearing on this motion was held today with plaintiff present. Plaintiff testified but defendant produced no witnesses. Plaintiff believes that his classification was changed in retaliation for his filing this lawsuit.

In the instant case, plaintiff has failed to meet the requirements set forth above. Plaintiff has alleged a chronology of events from which retaliation could be inferred. See <u>Woods v. Smith</u>, 60 F.3d 1161, 1166 (5th Cir. 1995). However, his appeal of the prison disciplinary charge is not yet complete and it cannot be determined at this time whether retaliation has occurred. In view of the court's order today that the prison officials not interfere with plaintiff's access to the courts, there appears to be no likelihood of imminent harm is the restraining order and preliminary injunction is denied.

Conclusion

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's request for  temporary restraining order and/or preliminary injunction [**Doc. #40**] be DENIED.

2

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 17th day of August, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3