UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **RONNIE K. DAVIS**<br>**LA. DOC#455331** | **CIV. NO. 1:09-1450** |
| | **SECTION P** |
| **VERSUS** | **JUDGE DEE D. DRELL** |
| **JAMES LEBLANC, ET AL.** | **MAG. JUDGE JAMES D. KIRK** |

**MEMORANDUM ORDER**

Plaintiff Ronnie K. Davis ("Davis") is a prisoner in the custody of the Louisiana Department of Public Safety and Corrections ("LDOC") and incarcerated at the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. Proceeding *in forma pauperis*, he brought this civil rights action pursuant to 42 U.S.C. § 1983 against James LeBlanc, the Secretary of the LDOC; Lynn Cooper, Warden of ACC; Blane Lachney and Clyde Benson, Assistant Wardens at ACC; a number of security officers at ACC; and two physicians who treated Davis at ACC. Davis raises various claims against Defendants, all stemming from a physical attack against him by another prisoner on August 20, 2008.

Davis' lawsuit has been proceeding in the United States District Court for the Western District of Louisiana, Alexandria Division, since August 11, 2009. During that time, Davis has filed two motions for appointment of counsel [Doc. Nos. 3 & 48] and at least two other memoranda relating to the issue of appointment of counsel [Doc. Nos. 50 & 51]. Magistrate Judge Kirk denied Davis' two motions on the basis that he failed to demonstrate exceptional circumstances warranting

the appointment of counsel.[1] [Doc. Nos. 5 and 49]. Additionally, on February 14, 2011, Judge Drell issued an Order [Doc. No. 73] ruling on Davis' purported "appeal" of Magistrate Judge Kirk's denial of his motion for appointment of counsel. In that Order, Judge Drell affirmed Magistrate Judge Kirk's decisions, finding that Davis "has not shown the necessary extenuating circumstances for appointment of counsel." [Doc. No. 73, p. 2].

In response, Davis then filed a "Motion for Intervention by Chief Judge United States District Court Western District of Louisiana" [Doc. No. 77]. On March 28, 2011, Judge Drell referred the instant motion to the undersigned for consideration. *See* [Doc. No. 78].

Davis contends that the Chief Judge of the Western District should intervene because Judge Drell and Magistrate Judge Kirk are biased and have discriminated against him by denying his motions for appointment of counsel. [Doc. No. 77, p. 1]. However, Davis offers no basis for his accusations, other than the denial of the motions themselves. Instead, he argues that denial of the motions constitutes abuse of discretion.

Additionally, Davis contends that the Chief Judge should intervene because he has not received favorable rulings on other motions, and "[t]he court . . . refuses to adjudicate the case on the merits of petitioner's claim." [Doc. No. 77, pp. 1-2].

To the extent that Davis moves the Court for the recusal of Judge Drell and Magistrate Judge Kirk under 28 U.S.C. § 455(b) based on their alleged bias, he has presented no facts or evidence to

---

[1] In a civil rights case, a plaintiff does not generally have a right to counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). A court may appoint counsel for a prisoner plaintiff under the authority of 28 U.S.C. § 1915(e)(1) if exceptional circumstances are present. *See id.* However, the Court has no funds to compensate counsel for his representation. If the plaintiff is ultimately successful, he may be able to recover attorney's fees under 42 U.S.C. § 1988 from defendants, but if he is not, the appointed counsel receives no compensation for his representation.

support his contentions.  Likewise, Davis has presented no facts or evidence to indicate that Judge Drell or Magistrate Judge Kirk should recuse to avoid the appearance of impartiality under 28 U.S.C. § 455(a).  There is no authority for the Chief Judge to intervene merely because a plaintiff is dissatisfied with the decisions of the assigned district and magistrate judges.  The case shall proceed before Judge Drell and Magistrate Judge Kirk.  If, at the conclusion of the case, Davis still believes that he was unable to fairly litigate his civil rights claims because of the lack of counsel and that his lack of counsel produced an unsatisfactory result, he can appeal to the United States Court of Appeals for the Fifth Circuit.  Accordingly,

IT IS ORDERED that Davis' "Motion for Intervention by Chief Judge United States District Court Western District of Louisiana" [Doc. No. 77] is DENIED.

MONROE, LOUISIANA, this 29th day of March, 2011.

_____
ROBERT G. JAMES, CHIEF JUDGE
WESTERN DISTRICT OF LOUISIANA