RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 10/25/11
    /w/b

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RONNIE KEITH DAVIS | CIVIL ACTION NO. 09-1450 |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, et al. | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint filed by Ronnie Keith Davis ("Davis") pursuant to 42 U.S.C. §1983 on August 11, 2009.

Davis is an inmate in the custody of the Department of Public Safety and Corrections (LDOC) and is incarcerated at Avoyelles Correctional Center (AVC). Davis claims the defendants violated his constitutional rights by failing to protect him from harm inflicted by another inmate and for deliberate indifference to medical needs.

Davis names James LeBlanc ("LeBlanc"), Lynn Cooper ("Warden Cooper"), Blane Lachney ("Lachney"), Clyde Benson ("Benson"), James Cooper ("James Cooper"), Bruce Cazelot ("Cazelot"), Brandon Bonnette ("Bonnette"), Shane Rachal ("Rachal"), Samuel Johnson ("Johnson"), Benjamin Maddie ("Maddie"), Corey Villamarette ("Villamarette"), Charles Prieur ("Prieur"), Ramon Singh ("Singh") and David Vajnar ("Vajnar") as defendants.[1]

---

[1] In the original complaint, Davis included Blaine Villamarette as a defendant but in his amended complaint he

The defendants filed a motion for summary judgement (Doc. 97) and Davis filed an opposition thereto (Doc. 101). Both are currently before the court for report and recommendation.

## FACTUAL BACKGROUND

On August 20, 2008 at approximately 4:00 p.m., Davis was administered Elavil, Zyprexa, Benadryl, Neurontin and an unknown cholesterol medication at pill call. Due to the effects of the medication(s), Davis fell asleep.

At approximately 5:00 p.m., all cell doors on the D-2 tier of the Crawdad Unit opened; however, Davis remained asleep. Harold Anderson ("Anderson"), a fellow inmate walked into Davis' cell and began stabbing Davis with an illegal weapon fashioned out of a nail. Davis was awakened by pain and a stinging and burning sensations in his head and neck. Upon realizing he was being attacked, Davis began shielding himself from Anderson and received wounds on his arm and hand.

Davis asserts that the various defendants were either deliberately indifferent to his medical needs, failed to protect him from the attack by Anderson, implemented unconstitutional policies and/or failed to train prison staff.

## SUMMARY JUDGMENT STANDARD

As the Fifth Circuit Court of Appeals explained in Seacor

---

dismissed him as a defendant and added the Department of Corrections Medical Director Dr. John Doe (properly identified as Dr. Ramon Singh) and Dr. Vajnar.

2

Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 675, 680 (5th Cir. 2011):

> A court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); see Celotex Corp v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Effective December 1, 2010, Rule 56 has been amended, and the summary judgment standard is now reflected in Rule 56(a). The amended rule contains no substantive change to the standard. An issue as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) [W]e consider all evidence in the light most favorable to the party resisting the motion. Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir.1983).

(Quotations and internal footnote references omitted.)

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex, 477 U.S. at 325, 106 S.Ct. 2548; see also Lavespere, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring

to evidence, set out specific facts showing that a genuine issue exists. See <u>Celotex</u>, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See id. at 325, 106 S.Ct. 2548; <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir.1994); <u>Austin v. Will-Burt Company</u>, 361 F.3d 862 (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. <u>Little</u>, 37 F.3d at 1075.

All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. <u>Id.</u>

LAW AND ANALYSIS

<u>Sovereign Immunity</u>

Davis states in his original complaint that he asserts claims against the defendants in both their personal and official capacities. Neither a state nor its officers acting in their official capacities are "persons" under §1983. <u>Hafer v. Melo</u>, 502 U.S. 21 (1991). As all of the named defendants are either officials or employees of the LDOC, they are immune from suit in their official capacity. Accordingly, to the extent Davis has alleged official capacity claims against the defendants, they should be dismissed.

Prison policies

In his initial complaint, Davis named various defendants but did not assert that they were either personally involved or that they implemented an unconstitutional policy which caused or resulted in his injuries. Accordingly, he was ordered to amend or dismiss those defendants who were neither involved nor implemented a policy. In his amended complaint, Davis alleged LeBlanc, Warden Cooper, Dr. Singh and Dr. Vajnar implemented a policy to hold pill call at 4:00 p.m. thereby allowing him to fall asleep from the effects of his medication, vulnerable to attack. He also alleged Warden Cooper and James Cooper implemented a policy requiring all doors in the Crawdad Unit to be opened at the same time thereby allowing the attack to occur.

Supervisory defendants may be liable under Section 1983 if they implemented unconstitutional policies that causally resulting in plaintiff's injuries. <u>Mouille v. City of Live Oak, Texas</u>, 977 F.2d 924, 929, *cert. denied*, 508 U.S. 951 (1993). Though Davis notes two policies which he contends led to his being attacked, he does not state how the policies are unconstitutional. There is no indication from the record that either of the policies violates any constitutional right. As the claims are based solely on a conclusory allegations which are unsupported by evidence, they should be dismissed.

Deliberate Indifference to Medical Needs

Davis also seems to argue that his right to medical care was denied because his pills were administered at 4:00 pill call rather than at bedtime as prescribed. In order to show that his medical care violated the Eighth Amendment, an inmate must allege that prison officials were deliberately indifferent to his serious medical needs. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle v. Gamble, 429 U.S. 97, 106 (1976). As stated by the Fifth Circuit in Domino v. Texas Dep't of Crim. Justice, 239 F.3d 752 (5th Cir. 2001), deliberate indifference is a high standard to meet. Id. at 756, citing Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). A prisoner must submit evidence that the prison official(s) "refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any similar conduct that would clearly evince a wanton disregard for serious medical needs." Domino at 756, citing Estelle, 429 U.S. at 107.

At most, Davis has articulated a disagreement with medical care. This is not enough to rise to the level of deliberate indifference. Accordingly, this claim should be dismissed.

Failure to Protect

Davis contends that: (1) Rachal, Johnson, Maddie, Villamarette and Prieur improperly opened his cell door thereby allowing the

6

attack to happen; (2) Warden Cooper, Lachney, Benson, James Cooper, Rachal, Johnson, Maddie, Villamarette and Prieur knew of the attacker's violent propensities (having been transferred to AVC after stabbing a LDOC inmate at another facility); and, (3) Rachal, Johnson, Maddie, Villamarette and Prieur stood less than fifteen feet from his cell during the attack.

To succeed on a failure to protect claim, Davis must show (1) he was incarcerated under conditions posing a substantial risk of harm, and (2) the prison official was deliberately indifferent" to his safety. Failing to act with deliberate indifference to a substantial risk of harm is the equivalent of recklessly disregarding that risk. Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference is a subjective test and it must be shown that the official actually knew of the risk of harm to the inmate. It is insufficient to show solely that the official should have known of the risk. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw that inference. Id.

The record does not contain either allegations or evidence showing that any of the defendants knew Anderson posed a risk to Davis' safety. Davis' only allegation is that defendants knew Anderson was transferred to AVC after assaulting an inmate in another Louisiana DOC facility with an illegal weapon. However, those defendants who were asked in interrogatories whether they

7

knew about Anderson's alleged violent history denied any such knowledge. Davis contends Anderson's file has information showing the prior assaults occurred but he does not provide physical evidence of the same nor does he provide a date or place where the alleged even occurred. Even if it were true that Anderson had a propensity for violence and the officers were aware of the same, it does not necessarily follow that the officers drew or should have drawn the conclusion that Anderson posed a threat to Davis' safety.

Even if the defendants had known of the risk, Davis fails to provide evidence that the defendants acted with deliberate indifference. While he alleges that the defendants opened all of the cell doors in the Crawdad unit, thereby allowing Anderson access to Davis, he acknowledges the policy within that unit was to open the doors at the same time. He fails to show it was done for the purpose of allowing Anderson access. Without more than conclusory allegations, there is no showing of deliberate indifference.

Davis also alleges Maddie, Rachal, Johnson, Villamarette and Prieur stood 15 feet away from Davis' cell when the attack occurred. He further contends that Maddie, Rachal, Villamarette and Prieur should have reacted quicker than Johnson as he was the one controlling the cell doors. The fact of the matter is that the officers did respond and responded as soon as they realized Anderson was assaulting Davis. Johnson's answers to

interrogatories state that he responded immediately upon realizing and assault was taking place. Prieur, Rachal and Villamarette confirm he was the first to react and that they responded as soon as they heard him yell "fight".

There is simply no evidence that the defendants either intentionally opened the doors to allow the attack or stood by idly while the attack occurred. Without such evidence, there is no showing of deliberate indifference. Accordingly, Davis' claim for failure to protect should be dismissed.

<u>Failure to train</u>

With regard to a cause of action for "failure to train", assessing an individual supervisor's liability under §1983 depends on a showing of (1) a "deliberately indifferent" policy of training that (2) was the "closely related" cause of the violation of the plaintiff's federally protected rights. <u>Doe v. Taylor Independent School Dist.</u>, 15 F.3d 443, 453 (5th Cir.), cert. den., 513 U.S. 815 (1994). A plaintiff must prove that a deficiency in the training program is closely related to the ultimate injury. <u>City of Canton, Ohio v. Harris</u>, 489 U.S. 378 (1989). Regarding the element of causation, an isolated incident is not enough to show that a policy or custom exists. Isolated violations are not the persistent, often repeated constant violations that constitute custom and policy. In order to be a policy, inadequate training must be a product of a conscious choice. <u>Hood v. Itawamba County, Miss.</u>, 819

9

F.Supp. 556, 564 (N.D.Miss. 1993), citing, <u>Palmer v. City of San Antonio</u>, 810 F.2d 514, 516 (5th Cir. 1987), and <u>Grandstaff v. City of Borger, Tex.</u>, 767 F.2d 161, 169 (5th Cir. 1985). The existence of a constitutionally deficient policy cannot be inferred from a single wrongful act, where the policy relied upon is not itself unconstitutional. <u>Thompkins v. Belt</u>, 828 F.2d 298, 304 (1987). That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the policymaker, for the officer's shortcomings may have resulted from factors other than a faulty training program; adequately trained officers occasionally make mistakes.

Again, Davis provides only conclusory allegation and no probative summary judgment evidence as to which supervisor(s) failed to properly train which officers. Accordingly, the claims cannot stand and should be dismissed.

<u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. 97) be GRANTED and Davis' claims be DISMISSED WITH PREJUDICE.

<u>Objections</u>

Under the provisions of 28 U.S.C. §636(b)(1(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or

responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDING, CONCLUSION, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN THE FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana this 28th day of October, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE